Good morning, my name is Paula Harms and I am the Assistant Federal Public Defender in the District of Arizona and I represent Mr. Stephen Nardi in this action. I'd like to reserve two minutes of my time for rebuttal purposes. The law of habeas corpus is filled with procedural technicalities which often work to trap the unwary petitioner. Time and time again, petitioners are told that they raised an issue too late. They should have objected at trial. They should have raised the issue in the district court. However, in this case, the situation is reversed. The state is attempting to assert their statute of limitations defense for the first time on appeal only when ordered to brief the issues by this court. Twice the state was alerted to their statute of limitations defense by the magistrate judge. In the initial order they received, it instructed them specifically that they could limit their answer to the statute of limitations defense if that was their choosing. They chose not to. They responded to the merits of each and every one of Mr. Nardi's claims. Again, the district court on its own raised the timeliness issue and it ordered the state to respond to Mr. Nardi's allegations regarding tolling. The state did not file a single pleading even though they were ordered to do so. Whether this was mere oversight or the part of some The fact is that they waived their defense and Mr. Nardi is entitled to merit review of his claims. Although it is true under Rule 4 of the rules governing habeas corpus that the district court has the power to sua sponte, dismiss a petition on statute of limitations grounds, the plain meaning of the rule states that this power expires once the state is ordered to file a response of pleading. Once they are ordered to respond, it is up to the state to determine how their resources are better spent, responding to the merits or raising the wide variety of procedural defenses that are available to them. As this Court knows, procedural defenses are oftentimes more complex and time-consuming to resolve than the underlying merits of the claim itself. This is especially true in the statute of limitations context because this Court has repeatedly emphasized how highly factually dependent the nature of the equitable tolling and state-created impediment arguments are. By responding to the merits of Mr. Nardi's claim, the state effectively avoided the need for an expensive and time-consuming evidentiary hearing, an evidentiary hearing which Mr. Nardi was clearly entitled to under the holding of Whalum Hunt. Rule 8 of the Federal Rules of Civil Procedure states that the statute of limitations is an affirmative defense. It is not jurisdictional. If it is not brought up in the first response to pleading, it is waived. Nothing in the AEDPA or the Rules Governing Habeas Corpus contradicts this general rule. Because the AEDPA is subject to other equitable considerations such as tolling, it makes sense that it is also subject to the equitable consideration of waiver. When Mr. Nardi raised the issue of waiver below, the magistrate judge relied upon a defense. However, this Court has already spoken in Franklin v. Johnson, and it has stated effectively that this statute applies to the exhaustion defense and the exhaustion defense alone. You can't imply in the silence in the statute that it also requires express waiver on other defenses. In Franklin, the State tried to extend the logic of the statute to say that it also requires express waiver in the procedural default context. The Court said no. Procedural default and exhaustion are two distinct concepts. Likewise, exhaustion and the statute of limitations are distinct. Exhaustion does not completely preclude relief for a Petitioner. All it does is says you must take this back to the State courts to give them a first crack at the issue. Procedural default, however, like the statute of limitations, completely cuts off any Federal review at all. The statute of limitations works to protect the State's interest in the finality of the criminal judgment. However, when the State does not see fit to assert this interest on their own behalf, the Court should not step in and assert it for them. I believe the waiver issue is dispositive of this case because it's not a case of the Federal review. Roberts. Well, the district court, the magistrate judge, they don't they're not interested in conducting evidentiary hearings, so obviously they're looking for a way to remove cases from the docket as quickly as as easily as possible. Right. And he did have the power to do that upon the initial screening of the petition. But upon the initial screening, he decided that a response of pleading was required. And he specifically alerted to them to the statute of limitations. And if that's perhaps the State knew about the inaccuracies in their own library and they wished to avoid that evidentiary hearing. So they responded to the merits instead. And I think the district court overstepped its authority when it didn't respect those wishes. Okay. Well, I think we got your argument, so why don't we hear from the State? Okay. Thank you. May it please the Court, counsel. My name is Carrie McConaghy-Harris, Assistant Attorney General for the State of Arizona. The facts relevant to a determination of the issue in this case are simple. Petitioner's State appeals were final in 1992. Because of that, it was before the advent of the AEDPA, so he had until April of 1997 to file his petition for writ of habeas corpus. He filed no such petition until June of 2001. Thus, regardless of any inadequacy in the State's response to the law, Petitioner was given the opportunity to address the statute of limitations defense. He was given the ---- Why didn't the magistrate give the State two big opportunities? I mean, was somebody asleep at that office or ---- It is outside of the record. However, I can assert that the attorney is no longer with our office, and he was on an extended vacation at the time. But whether or not it was waived, the State did not affirmatively assert it, despite repeated attempts to do so. However, what is important for a determination of this issue is that the District Court did have the authority below to sua sponte raise it, pursuant to this Court's holdings in either, because all Whalum Hunt requires is that the petitioner be given notice and that he be given an opportunity to respond. If one thing, you know, when the petitions come in at the District Court, everybody gives them a quick scan, and the first thing everybody, you know, we did was to look for timeliness. And if it looked like it was untimely, we'd send out, you know, just as the magistrate judge did here, and the State would come back and right away would raise the statute of limitations. Well, the State responded and didn't raise it. And then the magistrate judge, again on his own, raises the statute of limitations. Now, at that point, what business is it of the magistrate judge? The State doesn't want to raise it. The State didn't raise it. You can waive a statute. You know, it's basic. In basic civil law, you can always – a party who has the right to assert a statute of limitations defense can always, you know, just waive it. Go for it. However, the District Court also had the authority, pursuant to this Court's holdings, in herbs to be cooked, to raise it. Even after the State responded? Absolutely. There's no case law to the contrary. And this is an equitable – We have statements, you know, in various cases indicating that the State can waive the statute of limitations. Well, but what we also have is this Court's holdings and also Lot B. Mueller finding not only where the District Court didn't even raise it. It was actually raised for the first time in this Court. And this Court found that it could still address the claim because there it was an equitable tolling question. And it said as long as it was – even if it wasn't raised in the District Court, the tolling argument relies on the same set of operative facts. So it can still be raised even here. So despite the State's waiver problem, it can still be raised by the District Court to esponte, and that's what the District Court did here, and that's a proper ruling. But at any time, is that what you're saying? And this was not summarily dismissed. Even after the State responds and has – makes its opposition? There is no authority that says that the District Court abuses its discretion by doing so. And here, the District Court did not summarily dismiss the case, as in cases cited by Petitioner in this Court. Instead, the District Court gave notice, complied with Whalum v. Hunt and the other case law, gave the notice, Petitioner responded, and on the facts cited by Petitioner, the District Court was able to find that, in fact, there was no need for equitable tolling. There was no need for an evidentiary hearing because Petitioner was unable to assert facts that would support that. And Petitioner bears the burden of alleging the facts that would give rise to the limitations. The District Court's ruling also comports with Lewis v. Casey, the United States Supreme Court case, where they pointed out that the Petitioner must establish any alleged shortcomings in the prison library actually hindered his efforts to pursue a legal claim. There, the inmates were trying to claim that inadequacies in the library prevented them from filing their claims, and the Court found that inmates have to show actual injury, not injury on some theoretical sense. And similar to the claim here was the example addressed in Casey, where the Supreme Court theorized that a healthy inmate who suffered no deprivation of needed medical treatment was able to claim violation of a constitutional right to medical care, despite the fact that he never attempted to visit the medical facilities in the correctional facility. Similarly, here, Petitioner is attempting to claim equitable tolling based on the fact that there were alleged inadequacies in the prison library. Let me ask you a couple of things here. We have this Herbst case that you've been talking about, and Judge Tashima recognized the possibility of the waiver of the statute of limitations, and he left open the question that we're dealing with, right? Right. And he says the issue of waiver is irrelevant. He says the issue of waiver is irrelevant, where the district court dismissed a petition sui sponte before the State ever filed a response. So there's kind of a hint there that the rule may be different after the State files a response. Then we have Rule 4 of the Rules Governing Section 2254 cases, and that authorizes a summary dismissal only prior to a response to pleading by the State. But this was, again, this was not a summary dismissal. He was given the opportunity to plead facts establishing equitable tolling. He was given the opportunity to address the statute of limitations problem. And he could not raise any facts sufficient to allow for equitable tolling. It is an extraordinary, extraordinary circumstances. And even without the response from the State, the district court couldn't find any extraordinary circumstances based on his alleged inadequacies. And that rule doesn't authorize a court to dismiss sui sponte after ordering the Respondent to file an answer. Well, it also doesn't restrict the district court from doing so. Yeah, but, you know, we've got a whole, we've got a whole, it turns out, of some scanty pony. I mean, it's supposed to come riding to the rescue like a white horse every time. Somebody goofs and, and, and, excuse me. You know, look what it does. Look how much work we have to do. If somebody had a nice vacation and nobody at the Attorney General's office was watching him, I know you've got a big office over there. Yes. However. If the defendant violates a rule, you know, boy, it comes down hard. Right? Well, if the defendant, if the court below raises an issue for the defendant, the defendant is often still able to raise it in this court as well, as here, where it is addressed below, it can go on to the next level. So here, even though the state failed, again, and because in this case. Somebody, somebody finally filed the response of pleading. It wasn't this person who was on vacation and is now gone. Somebody else. So did that person go through the file and say, hey, look, statute of limitations. For, to file something in this court? No, the district court. District court. No, this attorney did not leave the office until after it was already decided by the district court. So this case is now. He came back from his reverie and then he just didn't look in the file, is that it? By the time he returned to the office, the court had already issued its recommendation and report and he did nothing afterwards. Again, he dropped the ball and it was a problem in our office. But despite that, the state's contention is that regardless of the state's waiver problem, the district court has the authority to sua sponte raise the issue. And that comports with the case law established in the circuit so far. Lot v. Mueller, Whalum v. Hunt and Herbst v. Cook. And again, the petitioner has the burden of alleging any facts that would allow the tolling of the statute. We should be. We got your argument, Will. Okay. All right. Thank you. See what you want to do. You look at us. You don't look at those notes. You don't need those notes. Okay. I think I know it. No, you do. You're a federal public defender. You got to be smart to get those jobs. Well, thank you for the vote of confidence. I appreciate that. The issue of waiver is dispositive of this case. There is no need to inquire into equitable tolling or state-created impediment because the whole point of those inquiries is to determine whether merit review is appropriate. Both parties have already briefed the merits of this case. All that's left to do is the district court to rule. As the Attorney General's office has said, they dropped the ball. It's not the court's duty to pick it up for them. Thank you. All right. The matter is submitted. Thank you.
judges: Pregerson, Beam, Paez